UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. CARTER,

                      Plaintiff,

v.                                                                        Case No. 20-cv-1755-bhl

KAREN REYNOLD,

                      Defendant.

## SCREENING ORDER

      John D. Carter, an inmate at Redgranite Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that defendant Dr. Karen Reynold violated his rights under federal and state law. This decision resolves Carter's motion for leave to proceed without prepaying the filing fee (ECF No. 2) and screens his complaint (ECF No. 1).

### Motion for Leave to Proceed without Prepaying the Filing Fee

      The Prison Litigation Reform Act (PLRA) applies to this case because Carter was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On November 24, 2020, the Court ordered Carter to pay an initial partial filing fee of $56.68. (ECF No. 5.) Carter paid that fee on December 1, 2020. The Court will grant Carter's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Background Allegations

Carter explains that, on March 10, 2020, he was transported to Waupun Memorial Hospital where Dr. Reynold operated on the back of his neck. (ECF No. 1 at 2.) Dr. Reynold allegedly instructed staff at Carter's institution to wait seven days before changing the gauze pads. (*Id.*) Carter says that, after a couple of weeks, his surgical site wound became painful,

oozed a green discharge, and gave off a foul odor. (*Id.*) He contacted health services, who set up a teleconference with Dr. Reynold, Carter, and health services staff. (*Id.*)

Dr. Reynold allegedly instructed health services staff to treat the surgical site with 50% hydrogen peroxide and 50% saline. (ECF No. 1 at 3.) She did not order antibiotics or a culture. (*Id.*) Carter says that health services treated the wound as Dr. Reynold instructed, but because his symptoms persisted, health services staff sent him to wound care, where a culture was taken. (*Id.*) Carter says the culture revealed an infection, and he was given antibiotics for ten days. (*Id.*) According to Carter, Dr. Reynold was upset that he had been sent to wound care. (*Id.*)

**C. Analysis**

Carter asserts that Dr. Reynold was negligent and deliberately indifferent to his serious medical needs when she chose to treat his surgical wound with peroxide and saline rather than an antibiotic. He says that the infection "could have been fatal" if health services staff had not taken action and sent him to wound care.

To state a claim under the Eighth Amendment, a plaintiff must allege that a prison official intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). Carter does not allege that Dr. Reynold ignored his condition entirely; instead, he alleges that she provided constitutionally deficient treatment for his condition. The Court of Appeals for the Seventh Circuit has clarified that allegations such as these are better framed "not [as] deliberate indifference to a serious medical need," but as a challenge to "a deliberate decision by a doctor to treat a medical need in a particular manner." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). In those cases, courts are to defer to a medical professional's treatment decision unless "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). The Seventh Circuit has consistently held that a "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

As a first step, Dr. Reynold decided to address Carter's complaints about his surgical wound by instructing staff to clean the wound with saline and hydrogen peroxide, a mild antiseptic. This was a conservative measure to see if Carter's complaints could be addressed

without prescribing an antibiotic. Carter thinks that Dr. Reynold should have immediately prescribed an antibiotic or at least obtained a culture to see if the wound was infected, but his disagreement with Dr. Reynold's decision is insufficient to state a claim.

To the extent Carter believes Dr. Reynold's treatment decision delayed the resolution of his infection, a delay in treatment violates the Constitution only if the delay, as opposed to the underlying condition, caused some degree of harm. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Carter alleges that, after health services observed that his symptoms were not resolving, they referred him to the wound clinic, where he was prescribed an antibiotic, after which his infection resolved. Because nothing in Carter's complaint suggests that the short delay in receiving an antibiotic exacerbated the infection or was detrimental to health services's ability to treat the infection, he does not state a claim on that basis.

Carter also seeks to sue Dr. Reynold on state law claims of negligence and medical malpractice. The Seventh Circuit has recognized that "a district court has the discretion to retain or to refuse jurisdiction over state law claims." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999). Because Carter has not raised a viable federal law claim, the Court declines to exercise supplemental jurisdiction over Carter's state law claims. *See* 28 U.S.C. §1367(c)(3). If Carter wants to pursue those claims, he must do so in state court.

## Conclusion

The Court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. (ECF No. 2.)

The Court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.[1]

The Court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $293.32 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

---

[1] 28 U.S.C. §1915(g) directs courts to enter a strike when an "action" is dismissed "on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted…." Because Carter's state law claims do not fall under one of the enumerated grounds, the Court will not record a strike against Carter.

agency shall clearly identify the payments by the case name and number.  If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final.  A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment.  The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2).  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment.  The Court cannot extend this deadline.  *See* Fed. R. Civ. P. 6(b)(2).

The Court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 18th day of December, 2020.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge